IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANDREA MARIE YEONG MEE DAVIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:13-cv-00892 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

I. **INTRODUCTION**

Plaintiff Andrea Davis ("Ms. Davis") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner"), who denied her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-403; 1381-1383(f).

II. **BACKGROUND**

A. **Facts**

Ms. Davis was born on December 18, 1988. ECF No. 7-2 at 19. She holds an associate's degree in networking and telecommunication technologies from the Hiram G. Andrews Center. *Id.* at 36-37. She has no past relevant work experience. *Id.* at 26. She alleges disability as of July 30, 2010 due to a number of mental impairments, including Asperger's syndrome ("Asperger's"), attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder

("ODD"), and bipolar disorder, as well as physical impairments related to asthma and vision problems. *Id.* at 17, 19. The record reflects that she has not engaged in substantial gainful work activity since alleging disability in July 2010.

## B.     **Procedural History**

Ms. Davis initially filed an application for SSI[1] and child's insurance benefits[2] on August 23, 2010, in which she claimed total disability since July 30, 2010. ECF No. 7-5 at 2-9, 14-15. On September 21, 2010, the state agency denied her claims. ECF No. 7-3 at 20-22. An administrative hearing was held on November 8, 2011 before Administrative Law Judge William Bezego ("ALJ"). ECF No. 7-2 at 17. Ms. Davis was represented by counsel, and she and her mother testified at the hearing. *Id.* George Starosta, an impartial vocational expert ("VE"), also testified at the hearing. *Id.*

On November 21, 2011, the ALJ rendered a decision unfavorable to Ms. Davis in which he found that she retained the ability to perform light work, with a number of limitations related to her physical and mental impairments, and therefore was not "disabled" within the meaning of the Act. *Id.* at 21-27. The ALJ's decision became the final decision of the Commissioner on April 26, 2013, when the Appeals Council denied Ms. Davis' request to review the decision of the ALJ. *Id.* at 2-4.

On June 25, 2013, Ms. Davis filed her Complaint in this Court, seeking judicial review of the decision of the ALJ. ECF No. 3. The parties have filed cross-Motions for Summary

---

[1] The earliest month for which a claimant may receive SSI benefits is the month following the one in which she filed her application. 20 C.F.R. § 416.335. Since Ms. Davis applied for SSI benefits on August 23, 2010, the relevant period of inquiry for such benefits is September 2010 onward.

[2] To be entitled to child's insurance benefits, Ms. Davis had to have been 18 or more years old and been disabled within the meaning of the Act before she turned 22. 20 C.F.R. § 404.350(a)(5). As Ms. Davis turned 22 on December 18, 2010, she was required to show disability prior to that date to receive such benefits.

Judgment, ECF Nos. 9 and 13, and briefs in support. ECF Nos. 10 and 14. Ms. Davis argues that the ALJ erred by failing to include all of her medically established limitations in his determination of her Residual Functional Capacity ("RFC") and in the hypothetical questions he posed to the VE. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence. The Court agrees with the Commissioner and will therefore grant the Motion for Summary Judgment filed by the Commissioner and deny the motion for summary judgment filed by Ms. Davis.

### III. LEGAL ANALYSIS

#### A. Standard of Review

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. § 1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It consists of more than a scintilla of evidence, but less than a preponderance. *Thomas v. Comm'r of Soc. Sec.*, 625 F.3d 798, 800 (3d Cir. 2010).

In situations where a claimant files concurrent applications for SSI and DIB, courts have consistently addressed the issue of a claimant's disability in terms of meeting a single disability standard under the Act. *See Burns v. Barnhart*, 312 F.3d 113, 119 n.1 (3d. Cir. 2002) ("This test [whether a person is disabled for purposes of qualifying for SSI] is the same as that for determining whether a person is disabled for purposes of receiving social security disability benefits [DIB]. Compare 20 C.F.R. § 416.920 with § 404.1520."); *Sullivan v. Zebley*, 493 U.S.

521, 525 n.3 (1990) (holding that regulations implementing the Title II [DBI] standard, and those implementing the Title XVI [SSI] standard are the same in all relevant aspects.); *Morales v. Apfel*, 225 F.3d 310, 315-16 (3d. Cir. 2000) (stating claimants burden of proving disability is the same for both DIB and SSI).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C. § 404.1520; *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545-46 (3d Cir. 2003) (*quoting Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118-19 (3d Cir. 2000)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001) (internal citation omitted); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

(1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. § 404 subpt. P, app. 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Newell*, 347 F.3d at 545-46; *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); or,

(2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work

4

which exists in the national economy...." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Newell*, 347 F.3d at 545-46; *Jones*, 364 F.3d at 503. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Rutherford*, 399 F.3d at 551; *Newell*, 347 F.3d at 546; *Jones*, 364 F.3d at 503; *Burns*, 312 F.3d at 119.

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 502 (3d Cir. 2009); 42 U.S.C. § 423(d)(2)(C) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity").

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. The ALJ concluded that while Ms. Davis did have a number of severe impairments – Asperger's, ADHD, ODD, bipolar disorder, asthma, and a vision disorder – she did not have an impairment or combination of impairments that "met or medically equaled" a Listed Impairment during the relevant period. ECF No. 7-2 at

19-21. In his findings, the ALJ explicitly considered Listings 3.03 (asthma), 2.00 (special senses and speech), 12.02 (organic mental disorders), 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 12.10 (autistic disorder and other pervasive developmental disorders). *Id.* at 20-21.

The ALJ then found that Ms. Davis retained the RFC to perform light work, with a number of specific limitations:

1) She could not work in areas of concentrated fumes, dust, odors, humidity, temperature extremes, or other similar environmental irritants;

2) She could only have occasional interaction with the public, coworkers, and supervisors;

3) She could perform only "low stress work" – in other words, only occasional decision-making, changes, in work setting, and judgment; and

4) She could not work at unprotected heights, around dangerous machinery, or around other workplace hazards or commercial driving.

*Id.* at 21-22. From the testimony of the VE, the ALJ concluded that although Ms. Davis had no past relevant work, jobs existed in significant numbers in the national economy that an individual with her age, education, work experience, and RFC could perform – including linen folder, cleaner, and linen sorter. *Id.* at 27. On that basis, the ALJ found that Ms. Davis was capable of making a successful adjustment to work during the relevant period and therefore was not disabled within the meaning of the Act. *Id.* at 27-28.

### B. Discussion

As set forth in the Act and applicable case law, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are

supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

Ms. Davis contends that the ALJ's RFC assessment and the hypothetical questions he posed to the VE were incomplete because he did not fully accommodate the mental limitations he found pursuant to his step 3 inquiry. Specifically, Ms. Davis claims that the RFC and VE hypotheticals did not incorporate her "inability to concentrate, her inability to deal with work stressors and maintain concentration, as well as her limitations in ability to function independently, ability to remember and carry out job instructions, including even simple instructions, and her limited ability to behave in an emotionally stable manner and demonstrate reliability." ECF No. 10 at 12. In support of that argument, she cites our Court of Appeals' decision in *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004), which held that an ALJ's limitation of a claimant to "simple one or two-step tasks" in a hypothetical to the VE "does not adequately encompass a finding that [the claimant] 'often' has 'deficiencies in concentration, persistence, or pace.'"

But as the Commissioner correctly points out, "*Ramirez* does not stand for the proposition that the hypothetical question need mirror the ALJ's listings analysis." ECF No. 14 at 17. In fact, *Ramirez* is explicit in declaring that the mental limitations identified in paragraphs B and C of the mental disorders Listings

> are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form].

7

*Ramirez*, 372 F.3d 546, 551-52 (quoting SSR 96-8p). "With respect to RFC assessments, ALJs are not required to include every alleged limitation in their hypotheticals and RFC assessments; their responsibility is to 'accurately convey' only 'credibly established limitations' which 'are medically supported and otherwise uncontroverted in the record.'" *Arlow v. Colvin*, 2014 WL 1317606, at *5 (W.D. Pa. Mar. 28, 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005)).

It is plain from the ALJ's opinion that that is exactly what he did. At step 3, he found Ms. Davis to have mild restrictions in activities of daily living, marked difficulties in social functioning, and moderate limitations with regard to concentration, persistence, and pace, supporting each finding with specific evidence from the record. ECF No. 7-2 at 20-21. Then, in his RFC analysis, he assessed the intensity, persistence, and limiting effects of her symptoms and determined that her statements as to her symptoms were not fully credible, giving a thorough and comprehensive explanation of her complaints, the contrary medical and testimonial evidence in the record, and the weight he gave to each medical opinion and hearing witness. *Id.* at 22-26. The ALJ incorporated the mental limitations he did find credible into his hypothetical questions to the VE, *id.* at 55-57, and ultimately into Ms. Davis' RFC, restricting her to jobs requiring only occasional interaction with the public, coworkers, and supervisors, and involving only low stress work – a comprehensive limitation involving only occasional decision-making, changes in work setting, and judgment. *Id.* at 21.

While *Ramirez* directs that a limitation to simple, routine tasks is not enough to adjust for an ALJ's finding that a claimant is often limited in concentration, persistence, and pace, the ALJ included multiple limitations in his VE hypotheticals and RFC determination tailored to his finding that Ms. Davis was moderately limited in concentration, persistence, and pace. A

8

cavalcade of cases from the Third Circuit and this Court have held similar limitations to be adequate, in light of *Ramirez*, to accommodate a finding of moderate difficulty in maintaining concentration, persistence, and pace. *See, e.g., McDonald v. Astrue*, 293 F. App'x 941, 946-47 (3d Cir. Sept. 26, 2008); *Menkes v. Astrue*, 262 F. App'x 410, 412-13 (3d Cir. Jan. 30, 2008); *Menuto v. Astrue*, 2012 WL 2594339, at *9 (W.D. Pa. June 13, 2012); *Haines v. Astrue*, 2012 WL 1069987, at *1 n.1 (W.D. Pa. Mar. 29, 2012); *Grimm v. Astrue*, 2013 WL 24670, at *1 n.1 (W.D. Pa. Jan. 2, 2013); *Stiteler v. Comm'r of Soc. Sec.*, 2013 WL 1327236, at *1 n.1 (W.D. Pa. Apr. 1, 2013).

Ms. Davis further argues that the ALJ's limitation of her potential jobs to those involving only occasional interaction with the public, coworkers, and supervisors is insufficient to account for his finding that she has marked limitations in social functioning. While this Court has held that an ALJ's limitation of a claimant to jobs "not involving...close supervision or interaction with coworkers, or the general public," would not accurately represent a finding of marked difficulties in social interaction, *Weinberg v. Colvin*, 2013 WL 3972651, at *6 (W.D. Pa. July 31, 2013), other courts have found limitation of a claimant to occasional[3] interaction with the public, coworkers, and supervisors to adequately reflect marked limitations in social functioning. *See Schulte v. Colvin*, 2014 WL 1654129, at *5 (N.D. Ohio Apr. 24, 2014); *Barker v. Colvin*, 2014 WL 2832753, at *9 (D. Col. June 23, 2014). Ms. Davis offers no authority to suggest otherwise.[4]

---

[3] "Occasional" is generally defined in the social security context as occurring very little to no more than one third of the time. *See* SSR 83-10 at *5; SSR 85-15 at *7.

[4] Ms. Davis cites to SSR 85-15, at *6, which reads, "Any impairment-related limitations created by an individual's response to demands of work...must be reflected in the RFC assessment." However, she provides no reason why adjusting her RFC to make sure that she only occasionally deals with other people does not suitably reflect her impairment-related social limitations.

9

Accordingly, the Court concludes that such an RFC finding is sufficient to reflect marked social limitations.

Because the ALJ included all of Ms. Davis' credibly established mental limitations in his hypothetical questions to the VE and his RFC calculation, the Court further concludes that his decision was supported by substantial evidence.[5] The Court will therefore grant summary judgment for the Commissioner.

## IV. <u>CONCLUSION</u>

It is undeniable that Ms. Davis has a number of impairments, and this Court is sympathetic and aware of the challenges she faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and his conclusion that Ms. Davis is not disabled within the meaning of the Social Security Act, and that she is able to perform light work with the limitations contained in her RFC.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order follows.

---

[5] Our sister court in the Middle District of Pennsylvania came to a similar conclusion in *Sullivan v. Colvin*, 2013 WL 5408647, at *12-13 (M.D. Pa. Sept. 25, 2013), where the ALJ did not explicitly include in his RFC determination the marked limitations in social function and moderate limitations in concentration, persistence, and pace he found at step 3, but did limit the claimant to jobs involving occasional interaction with supervisors, co-workers, and the public, occasional changes in work setting, occasional independent goal-setting or plan-making, and simple, work-related decisions.

Mark R. Hornak
United States District Judge

Dated: August 7, 2014
cc: All Counsel of Record